UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINVATEK ORTOPEDI, LTD., STI.
f/k/a Endoprotez Ort. Aletler Ltd., Sti.,

    Plaintiff,

v.                                     CASE NO. 8:18-cv-2314-T-02JSS

CONMED CORPORATION and
LINVATEC CORPORATION,

    Defendants.
_____/

## ORDER COMPELLING ARBITRATION AND STAYING CASE

The Court grants the Defendants' Motion to Compel Arbitration. (Dkt. 5). The case is stayed pending arbitration. All deadlines herein are terminated. The parties shall arbitrate this dispute.

Plaintiff brings suit under an "Exclusive Distributor Agreement," docket 2, at 62, whereby the plaintiff would distribute the defendants' wares (medical/surgical products) in Turkey. Plaintiff treats both defendants as identically liable, and notes that the two defendants are related entities. Plaintiff claims in paragraph 65 of the complaint that a second agreement, a "Service Agreement," was entered into "[i]n 2007, pursuant to the terms and obligations set forth in Section 2, 5, and 7 of the Distributor Agreement." According to the plaintiff, this Service Agreement was an

expansion of the plaintiff's role as exclusive distributor in Turkey, to now include "service and repair." (Dkt. 2, Complaint, ¶ 66).[1] As part of the new role as distributor and new servicer, Plaintiff opened up a service center in Turkey. *Id*. at ¶ 67.

The Service Agreement was in effect at the same time as the Distributor Agreement, as Plaintiff states. Plaintiff has attached the Service Agreement to the Complaint. (Dkt. 2, at 78). The Distributor Agreement has no arbitration clause. As to arbitration, the Service Agreement states:

> All controversies, disputes or claims between the parties arising out of or related to this Agreement <u>or any agreement between the parties</u> shall be submitted for binding arbitration in accordance with the commercial arbitration rules of the American Arbitration Association.

(emphasis added).

The arbitration clause clearly applies to the instant dispute. *E.g.*, *Board of Trustees of City of Delray Beach Police and Firefighters Retirement Sys. v. Citigroup Global Markets, Inc.*, 622 F.3d 1335, 1343 (11th Cir. 2010) (arbitration for "this or any other agreement between us"). The Federal Arbitration Act creates

---

[1] The complaint alleges clearly that both defendants are in privity, and are interchangeable for purposes of the plaintiff's claims. Defendant Linvatec states it is a wholly-owned subsidiary of defendant Conmed. (Dkt. 4). Plaintiff states that it was formally known as Endoprotez Ortopedi Aletler Ltd., Sti. The complaint expressly states the plaintiff entered into the "Service Agreement" that contains the arbitration clause. (Dkt. 2, ¶¶ 65-66).

a presumption of arbitrability. *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1222 (11th Cir. 2000). "'[A]ny doubts concerning the scope of arbitrable issues' – that is, doubts over whether an issue falls within the ambit of what the parties agreed to arbitrate – 'should be resolved in favor of the arbitration.'" *Jpay, Inc. v. Kobel*, 2018 WL 4472207, at *3 (11th Cir. 2018), citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

The American Arbitration Association rules, adopted by the parties here, provide that the arbitrator determines scope and breadth of arbitrability. *U.S. Nutraceuticals, LLC v. Cyanotech Corp.*, 769 F.3d 1308, 1311 (11th Cir. 2014); *Terminix Int'l Co. v. Palmer Ranch Ltd. P'ship.*, 432 F.3d 1327, 1332 (11th Cir. 2005); *Kobel*, *supra*, 2018 WL 4472207, at *9.

The parties are ordered to arbitrate this dispute as agreed at docket 2, page 88. All deadlines are stayed. This case is stayed pending resolution of arbitration. The parties are directed to notify this Court upon resolution of the arbitration.

**DONE AND ORDERED** at Tampa, Florida, on October 17, 2018.

    s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record